IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERENITY COLQUITT | § | |
| | § | |
| Plaintiff, | § | CIVIL NO. 4:16-CV-2627 |
| v. | § | |
| | § | |
| SANDERSON FARMS, INC. (PROCESSING) | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

COMES NOW Plaintiff, SERENITY COLQUITT, filing this her Original Complaint complaining of the SANDERSON FARMS, INC. (PROCESSING) (hereinafter "Defendant") and in support thereof would show as follows:

### I.
### JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action asserted by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981.

2. Plaintiff, Serenity Colquitt (hereinafter "Plaintiff"), is an individual who resides in Houston, Harris County, Texas. Plaintiff, African-American, is a member of a group protected by Title VII and was at all relevant times an employee within the meaning of the applicable statutes.

3. Defendant is a foreign corporation having its principal place of business at P.O. Box 988, Laurel, MS 39441. Sanderson may be served with summons by serving its registered

1

agent C T Corporation at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.  Defendant is an "employer" engaged in "commerce" as those terms are defined in the FMLA.

4.

5. Jurisdiction and venue is proper within this district court pursuant to 28 U.S. Code § 1391 (b) (1) a judicial district in which any defendant resides, if all defendant are residents of the State in which the district is located; and (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the events or omissions giving rise to the claim herein wholly or partly arose in the Southern District of Texas, Houston Division.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff filed an Amended Charge of Discrimination on February 25, 2016.  (Exhibit A).  She received the Dismissal and Notice of Rights dated May 26, 2016 on May 31, 2016.  Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

7. At all times relevant to this lawsuit Plaintiff was employed by Defendant at its processing division.  She was hired in February of 2015 and fired October 29, 2015.

8. Constantly during her employment, Plaintiff was subjected to extremely offensive name-calling, offensive sexual gestures, and hostility based on her sex and gender.

9. As a transgender female, Plaintiff was often ridiculed and called "fag", "he-she", "sir" and "mister".  These are just a few of the offensive names used to reference Plaintiff on almost a daily basis.

10. She complained numerous times to her supervisors to no avail.  While she was told an

2

investigation was being conducted, nothing ever changed.

11. In fact, her superiors were apart of the problem as they would observe and hear the offensive and hostile conduct but turn a blind eye and do nothing.

12. Consequently, Plaintiff was subject to constant harassment and intimidation.

13. Plaintiff was denied a promotion by her supervisor who stated he would not promote a "he-she".

14. The mistreatment even extended to medical leave. After qualifying for Family Medical Leave, Plaintiff was repeatedly asked for additional information regarding her leave and medical condition. When she returned to work, she was suspended unjustifiably for excessive absences, despite the fact that she had been informed she qualified for FMLA leave.

15. Shortly after having complained of the harassment, Plaintiff was interrogated by her supervisor about a bathroom break she took. Plaintiff was discharged the next day for purported insubordination.

16. Her discharge was retaliation by her superiors for having complained of discrimination and harassment.

17. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered loss of wages and benefits and other pecuniary losses.

18. The Defendant's actions have also caused the Plaintiff to suffer pain, embarrassment, humiliation, anxiety and emotional distress.

19. At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment. Defendant is strictly

liable for the acts and failures to act of its supervisory personnel.

## V. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF
*Violation of 42 U.S.C. 1981 – Intentional Discrimination*

20. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs.

21. The Defendant has maintained a system for making employment, promotion and compensation decisions that is excessively subjective and through which Defendant discriminated against Plaintiff, denying her the same opportunities for employment benefits, upward mobility and compensations afforded to similarly situated white/male employees.

22. The Defendant's discriminatory practices described above has denied Plaintiff employment and promotional opportunities and compensations to which she was entitled, which has resulted in emotional distress and other harm for which they are entitled to compensation.

23. Defendant has undertaken these discriminatory practices willfully or with reckless disregard for the rights of Plaintiff. Such rights are protected under 42 U.S.C. § 1981.

24. These employment practices violated 42 U.S.C. § 1981.

### B. SECOND CLAIM FOR RELIEF
*Violation of Title VII – Race Discrimination*

25. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 1 through 24 and incorporate the same herein as though fully set forth.

26. Defendant, through their agents, supervisors, or employees, engaged in a pattern and practice of unlawful discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

27. The above-described racially disparate treatment created an intimidating, oppressive, hostile and offensive work environment, which interfered with Plaintiff's emotional and physical wellbeing.

28. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its managers and agents as described above.

29. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions and decisions.

30. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue pain and suffering, and extreme and severe mental anguish and emotional distress; and Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

31. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will

seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

### C. FOURTH CLAIM FOR RELIEF
*Hostile Work Environment*

32. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 1 through 31 and incorporates the same herein as though fully set forth.

33. Defendant intentionally discriminated against Plaintiff in violation of Title VII by subjecting plaintiff to a hostile work environment. The racial and sexual harassment Plaintiff was subjected to permeated the workplace with discriminatory intimidation, ridicule, and severe insult, altering the conditions of her employment and creating an abusive and hostile working environment.

34. Defendant intentionally discriminated against Plaintiff in violation of Title VII by creating this racial and sexually hostile work environment. The Plaintiff's immediate supervisor conduct unreasonably interfered with Plaintiff's work performance.

35. Defendant did not exercise reasonable care to prevent and cure its hostile work environment. Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

36. As a result of the hostile and offensive work environment perpetrated by Defendant, through its agents, supervisors, or employees, and maintained by Defendant' failure to protect Plaintiff from further harassment, Plaintiff suffered severe emotional distress and physical injury.

37. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and omissions of its supervisor and employees as described above.

38. Defendant failed to comply with their statutory duty to promptly take all reasonable and necessary steps to eliminate racial harassment from the workplace and to prevent it from occurring in the future.

39. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

40. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

### D. FIFTH CLAIM FOR RELIEF
*Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-54*

41. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs 1 through 40.

42. The worksite at which Plaintiff worked employed fifty or more "employee(s)," for each working day for each of twenty or more calendar workweeks in the current or preceding calendar year.

43. Plaintiff is an "eligible employee" as that phrase is defined in the FMLA in that she had been employed by one or more of the defendants for at least twelve months and had performed at least 1,250 hours of service for one or more of the defendants during the twelve months preceding her request for FMLA leave.

44. Plaintiff was entitled to FMLA leave because she had a "serious health condition" as defined by the FMLA.

45. Defendant interfered with Plaintiff's rights under the FMLA and retaliated against her by terminating her.

46. Defendant, through their agents, supervisors, or employees, engaged in a pattern and practice of unlawful acts in violation of the FMLA.

47. The Defendant's illegal practices described above has caused harm to Plaintiff, including emotional distress and loss of wages.

48. Plaintiff also seeks liquidated damages as provided by the FMLA.

49. As a further direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to the FMLA.

### E. SIX CLAIM FOR RELIEF
*Retaliation*

50. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs 1 through 49.

51. Plaintiff opposed unlawful employment practices by informing Defendant's managers that there were problems with discriminatory and hostile treatment of Plaintiff and complained internally. Such activities are protected under § 704(a) of the Civil Rights Act of 1964, § 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2 and 2000e-3.

52. Following such actions, Plaintiff was denied promotion, harassed, and/or discharged by Defendant. These actions constitute retaliation in violation of the FMLA, 42 U.S.C. § 1981 and § 704(a) of the Civil Rights Act of 1964, § 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2 and 2000e-3.

53. The Defendant' discriminatory practices described above has caused harm to Plaintiff, including emotional distress and loss of wages.

54. Accordingly, the Defendant violated the Plaintiff's rights protected under the FMLA, 42 U.S.C. § 1981 and § 704(a) of the Civil Rights Act of 1964, § 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2 and 2000e-3.

### F. SIXTH CLAIM FOR RELIEF
*Intentional Infliction of Emotional Distress*

55. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs 1 through 54.

56. Defendant harassed and discriminated against Plaintiff by wrongfully subjecting her to racial harassment, a racial hostile work environment and race discrimination and retaliation.

57. The conduct of the Defendant was intentional, extreme and outrageous and caused Plaintiff to suffer severe emotional distress.

## V.
## JURY DEMAND

58. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

59. Defendant's conduct constitutes violations of statutory law.  That unlawful conduct seriously affected Plaintiff in her occupation, trade and business.  Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will suffer in the future humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages all in an amount to be proved at trial.

60. Because of Defendant's unlawful conduct, it has been necessary for Plaintiff to retain the undersigned attorneys to represent her.  Plaintiff has agreed to pay the attorney's reasonable attorney's fees for the preparation and trial of the causes, and further for any appeal thereof should it become necessary.

61. Additionally, Plaintiff has suffered out-of-pocket expenses, which include litigation costs, and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

62. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the

delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement, front pay, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court; and

h. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

**/s/LaShawn A. Williams**
LASHAWN A. WILLIAMS
BALDWIN JONES & WILLIAMS PLLC
2424 Southmore Blvd.
Houston, Texas 77004
State Bar No. 00795721
Telephone: (713) 664-6800
Facsimile: (855) 280-0497
lwilliams@bjkwlaw.com
*Attorney for Plaintiff*